COMMONWEALTH of Kentucky,
Appellant,

v.

JAMES MUNICIPAL EQUIPMENT,
INC., a corporation, and Daniel
James, Appellees.

and

COMMONWEALTH of Kentucky,
Appellant,

v.

BATTERY DISTRIBUTING CO., a
corporation, and Robert L. Fisher,
Sr., Appellees.

Court of Appeals of Kentucky.

Oct. 17, 1975.

Rehearing Denied Feb. 6, 1976.

Ed W. Hancock, Atty. Gen., Kenneth A. Howe, Jr., Asst. Atty. Gen., Frankfort, for appellant.

Adrian F. O'Bryan, Clements, O'Bryan & McDaniel, Louisville, for appellees, James Municipal Equipment, Inc., and others.

John Tim McCall, Louisville, for appellees, Battery Distributing Co., and others.

GARDNER, Commissioner.

Appellees were indicted for violating KRS 123.020, a statute concerned with contributions to political organizations by corporations. The circuit court dismissed the indictments after concluding that the prosecution was barred by the one-year statute of limitations. This court is asked to certify the law on the single question of whether the prosecution was barred by the one-year limitation statute (KRS 431.090) or whether the two-year limitation statute (KRS 124.340) applied.

KRS 431.090, appearing under Title XL, entitled "CRIMES AND PUNISHMENT," refers to misdemeanors generally and provides:

"* * * Prosecutions by the commonwealth for a misdemeanor or to recover a penalty for a violation of any penal statute or law, and actions at the instance of any person to recover any such penalty, shall be commenced within one (1) year after the misdemeanor was committed or the right to the penalty accrued, *unless a different time is allowed by the law* prescribing the misdemeanor or imposing the penalty. * *." (Emphasis added)

KRS 124.340, appearing under Title X, entitled "ELECTIONS," provides:

"No prosecution shall be had under the election laws where the penalty is less than confinement in the penitentiary unless the prosecution is commenced within two (2) years from the time of the commission of the offense."

It is noted that by its own terms KRS 431.090 concedes that its time limitation gives way to other limitation statutes. Unquestionably KRS 124.340 is included in the "unless" clause of KRS 431.090 and is the statute governing the instant case. It was error, therefore, to dismiss the indictments on the ground that the prosecution was barred by limitation.

The law is so certified.

All concur.